UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE HOME EQUITY PASS-THROUGH CERTIFICATES, SERIES 2005-8,<br><br>Plaintiff,<br>v.<br><br>MODESTO BILBAENO JR., CAROLINA G. BILBAENO, JOSEPH CABALICA, and DOES 1-10, inclusive,,<br><br>Defendants.<br>_____/ | No. C 13-04736 LB<br><br>**ORDER DIRECTING THE CLERK OF THE COURT TO REASSIGN THIS ACTION TO A DISTRICT COURT**<br><br>**REPORT AND RECOMMENDATION**<br><br>[ECF No. 7] |

**INTRODUCTION**

Plaintiff U.S. Bank, National Association brought an action for unlawful detainer against Defendants Modesto Bilbaeno Jr., Carolina G. Bilbaeno, and Joseph Cabalica in San Mateo County Superior Court on January 24, 2013. *See* Complaint, ECF No. 5 at 5.[1] On October 11, 2013, Defendants Modesto and Carolina Bilbaeno (but not Joseph Cabalica), who are ostensibly proceeding *pro se*, removed the case from state court, alleging federal jurisdiction. *See* Notice of Removal, ECF No. 1. In response, U.S. Bank moves to remand the action to state court, arguing that

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronically-generated page number at the top of the document.

1  the court lacks both subject matter and diversity jurisdiction over the matter and that removal was
2  untimely. *See* Motion to Remand, ECF No. 7. U.S. Bank also seeks attorney's fees and costs,
3  sanctions against Defendants and their alleged attorney, as well as an injunction barring Defendants
4  and their attorney from removing this action in the future. *Id.*

5  Based on the parties' submissions, the court finds that it lacks subject matter jurisdiction because
6  (1) the face of U.S. Bank's unlawful detainer complaint does not present a federal question, (2) the
7  amount in controversy is less than $75,000, and (3) Defendants are California residents and may not
8  remove to federal court based on diversity jurisdiction. Because Defendants have neither consented
9  nor declined to the jurisdiction of a magistrate judge, the court **ORDERS** the Clerk of the Court to
10 reassign this action to a district judge and **RECOMMENDS** that the newly-assigned district court
11 judge grant U.S. Bank's motion to remand the action to Contra Costa County Superior Court, award
12 U.S. Bank $820 in attorney's fees, and deny U.S. Bank's request for Rule 11 sanctions and
13 injunctive relief. [2]

14 **STATEMENT**

15 In the state court complaint, U.S. Bank alleges Defendants "reside at or are otherwise in
16 possession of property at 1 Bradford Drive, South San Francisco, California (the "Property"). *See*
17 Complaint, ECF No. 5 at 6.[3] On October 9, 2012, U.S. Bank took title to the Property at a
18 foreclosure sale. *Id.* U.S. Bank received an executed Trustee's Deed Upon Sale that was recorded
19 in the Official Records in the office of the County recorder of San Mateo County, California. *Id.*;
20 *see also* Trustee's Deed, Motion to Remand Ex. 1.

---

[2] The court finds this matter suitable for determination without oral argument and vacates the December 19, 2013 hearing. *See* N.D. Cal. Civ. L.R. 7-1(b).

[3] Defendants did not file the documents originally attached to U.S. Bank's state court complaint. U.S. Bank filed copies of these documents as exhibits in support of its motion to remand. *See* Motion to Remand Ex. 1 (Trustee's Deed Upon Sale), Ex. 2 (Notice to Quit and Proof of Service), Ex. 3 (State Court Judgment After Trial Against Joseph Calbaltica AKA Joseph Cabalica), Ex. 4 (State Court Default Judgment Against Modesto and Carolina Bilbaeno and all unnamed occupants), Ex. 5 (Order Granting Motion to Remand in No. C 13-1748 SC (N.D. Cal. June 27, 2013). Defendants have not objected to the court's considering these documents. The court may take judicial notice of them.

1   On October 23, 2012, after U.S. Bank acquired title to the Property, it served a "written notice requiring [Defendants] to quit and deliver up possession of the Property to Plaintiff within the time period set forth in such notice." Complaint at 6. U.S. Bank attached a copy of the notice and proofs of service of the notice to the state court complaint. *See id.*; *see also* Notice to Quit and Proofs of Service, Motion to Remand Ex. 2. When U.S. Bank filed the state court complaint, the time for Defendants to deliver up possession of the Property had expired, but they did not comply with the notice to quit. *Id.*

U.S. Bank filed this unlawful detainer action in San Mateo County Superior Court against Modesto D. Bilbaeno Jr., Carolina G. Bilbaeno, Joseph Cabalica, and Does 1 to 10 on January 24, 2013. Compl., ECF No. 5 at 5. In the complaint, U.S. Bank states that Defendants continue in possession of the Property without its permission or consent. It sought damages for the reasonable rental value of the property, approximately $50 per day, since October 9, 2012. *Id.* at 6. In addition to these damages, U.S. Bank sought restitution and possession of the Property, an order directing Defendants to quit and deliver up possession of the Property to U.S. Bank, an order terminating the lease, if any, under which Defendants occupy the premises, and costs of suit. *Id.* at 6-7.

On March 25, 2013, the state court entered judgment after trial against Joseph Cabalica. *See* Motion to Remand Ex. 3; *see also* Order Granting Motion to Remand, ECF No. 6 at 2, *U.S. Bank v. Bilbaeno*, No. C 13-1748 SC (N.D. Cal. June 27, 2013) ("First Remand Order"). On April 4, 2013, the state court entered default judgment against Modesto and Carolina Bilbaeno and all remaining occupants. *See* Motion to Remand Ex. 4; First Remand Order at 2. That same day, the state court issued a Writ of Possession for Real Property in Plaintiff's favor. *See* Motion at 6; First Remand Order at 2.

Defendants removed the action to federal court for the first time on April 17, 2013. *See* Motion at 6; First Remand Order at 2. U.S. Bank moved to remand the case back to state court, and the district court granted the motion to remand on June 27, 2013. *See* First Remand Order. The district court held that it lacked diversity jurisdiction over the action because the face of the complaint states that the action involves less than $10,000. *Id.* at 4. The court found that it lacked federal question jurisdiction because the action was not a bankruptcy case and no federal claims appeared on the face

of the complaint. *Id.* Finally, the district court awarded "just costs and actual expenses, including attorneys fees, incurred as a result of the removal" in the amount of $481.[4] *Id.* at 5-6. The district court declined to sanction Defendants' counsel because the sanction "would be duplicative of the costs awarded to Plaintiff under the removal statute" and also declined to issue an order precluding future removal of this action. *Id.* at 6.

After the action was remanded, U.S. Bank alleges that an individual named Carmicael Garde filed for bankruptcy in this district using the Property address and that the Bankruptcy Court dismissed that action on August 9, 2013. Motion at 6, Ex. 8. On August 27, 2013, Carmicael Garde again filed for bankruptcy using the Property address and the Bankruptcy Court dismissed that action on October 15, 2013. Motion at 6, Ex. 9.

Meanwhile, on October 11, 2013, Defendants again removed the action to federal court. *See* Notice of Removal, ECF No. 1; Notice to Adverse Party and State Court of Removal, ECF No. 5.[5] The Notice of Removal alleges that this court has subject matter jurisdiction premised on diversity and the existence of a federal question. With regard to diversity jurisdiction, Defendants allege that the action involves citizens of different states and the amount in controversy exceeds $75,000. Notice of Removal, ECF No. 1 at 2.

Defendants give numerous grounds for federal question jurisdiction. They allege that this court has federal question jurisdiction because U.S. Bank is a debt collector subject to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681. Notice of Removal, ECF No. 1 at 3. The Notice also refers to other "federal questions," including possible discrimination under Title VII of the Civil Rights Act of 1968, "a federal question surrounding the construction of the Pooling and Service Agreement of the Home Equity asset trust 2005-8," the trust that Defendants' mortgage was sold to, "a federal question of due process rights guaranteed by the Fourteenth Amendment to the United States Constitution," and a federal question regarding Plaintiff's standing in the state court action. *Id.* at 3-

---

[4] In its motion to remand, U.S. Bank argues that Defendants' counsel has not paid the $481 the district court awarded. Motion at 6.

[5] The court refers to ECF Nos. 1 and 5, together, as the Notice of Removal.

5.

In a declaration also filed on October 11, 2013, Defendants state that they "have a pending lawsuit for more than $500,000 in damages against the Plaintiff for damages resulting from an unlawful conveyance, as well as lack of standing and wrongful foreclosure pending before the Superior Court for the County of San Mateo in regards to the [Property]." Bilbaeno Decl., ECF No. 4 at 1. They also state that they "allege a question of federal diversity and property interest violation under the United States Constitution of the [Property] and the Defendant alleges a federal question off rights secured by the United states Constitution and the laws of the United States are at issue." *Id.* at 2.

On November 1, 2013, U.S. Bank filed a motion to remand the action to state court for a second time. *See* Motion, ECF No. 7. U.S. Bank also argues that Defendants' are not really *pro se*. Instead, Linda Z. Voss, their attorney in the state court action actually represents them. According to U.S. Bank, Ms. Voss "has a history of filing removals in unlawful detainer cases that have been finally determined on the merits for the purposes of delaying the inevitable eviction. . . . this time she does so under the guide of 'Pro Se Defendants' when in fact she is still attorney of record and filed the Notice of Stay of Proceedings in the Superior Court." Motion at 12.

In addition to remand, U.S. Bank asks the court again to award it attorney's fees and costs incurred in moving to remand, sanctions against Ms. Voss, and an inunction that would bar Ms. Voss and Defendants from removing this case in the future. *Id.* at 12-13.

Defendants did not file a response to U.S. Bank's motion to amend. *See generally* Docket. On November 22, 2013, U.S. Bank filed a notice stating that Defendants did not file an opposition to the motion. ECF No. 12.

## ANALYSIS

A court normally considers challenges to its jurisdiction before determining whether venue is proper. *Leroy v. Great Western United Corp.* 443 U.S. 173, 180 (1979). Nonetheless, a "court has leeway to choose among threshold grounds for denying audience to a case on the merits." *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.* 549 U.S. 422, 431 (2007) (internal quotes omitted). Subject matter jurisdiction ordinarily is decided before determining whether personal jurisdiction

exists or whether venue is proper. *See Leroy,* 173 U.S. at 180.

## I. THE COURT LACKS FEDERAL-QUESTION JURISDICTION

A defendant in a state court may remove an action to federal court so long as the action could have originally asserted federal-question jurisdiction.[6] 28 U.S.C. § 1441(b). The burden is on the removing defendant to prove the basis for the federal court's jurisdiction. *Shizuko Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 (9th Cir. 1990). If, after a court's prompt review of a notice of removal, "it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court *shall* make an order for summary remand." 28 U.S.C. § 1446(c)(4) (emphasis added). Removal jurisdiction statutes are strictly construed against removal. *Takeda v. Northwestern Nat'l. Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985); *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941).

The "well-pleaded complaint" rule requires a federal question to be presented on the face of the plaintiff's complaint at the time of removal for federal-question jurisdiction to exist. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *Metropolitan Life Insurance Co. v. Taylor*, 481 U.S. 58, 63 (1987). An actual or anticipated federal defense is not sufficient to confer jurisdiction. *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042-43 (9th Cir. 2009); *Franchise Tax Bd. of California v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10 (1983). A plaintiff may not defeat removal by omitting necessary federal questions from his or her complaint. *Franchise Tax Bd. of California*, 463 U.S. 1 at 22.

In its complaint, U.S. Bank alleges a single claim for unlawful detainer. Compl., ECF No. 1 at 1. Unlawful detainer claims do not arise under federal law and, without more, the court lacks federal-question jurisdiction. *See, e.g., Fed. Nat'l Mortg. Assoc. v. Lopez*, No. C 11-00451 WHA, 2011 WL 1465678, at *1 (N.D. Cal. Apr. 15, 2011); *GMAC Mortg. LLC v. Rosario*, No. C 11-1894 PJH, 2011 WL 1754053, at *2 (N.D. Cal. May 9, 2011); *Wescom Credit Union v. Dudley*, No. CV 10-8203 GAF (SSx), 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010).

---

[6] District courts have original jurisdiction over cases that arise under the law of the United States. U.S. Const. art. III, § 2, cl.1.

1    Defendants nonetheless assert that the court has federal-question jurisdiction based on the
2 various "federal questions" listed above. *See* Notice of Removal, ECF No. 1 at 3-5; Bilbaeno Decl.,
3 ECF No. 4. None of these is a proper basis for removal to federal court. Defendants argue that the
4 court has jurisdiction because U.S. Bank is subject to federal debt collection statutes (the FDCPA
5 and FCRA) and the unlawful detainer action "is part of the whole process of Debt Collection."
6 Notice of Removal, ECF No. 1 at 3. But Defendants provide no authority conferring federal
7 jurisdiction on that basis and the court is not aware of any. Nor do Defendants' challenges to U.S.
8 Bank's standing and references to possible constitutional violations confer federal jurisdiction.
9 These are defenses or counterclaims that do not appear on the face of U.S. Bank's complaint. *See*
10 *Taylor*, 481 U.S. at 63 (jurisdiction must appear on the face of a well-pleaded complaint); *Hunter*,
11 582 F.3d at 1042-43 (jurisdiction cannot be predicated on actual or anticipated defenses). Finally,
12 Defendants refer to "questions surrounding the construction of the Pooling and Service Agreement
13 of the Home Equity Asset Trust 2005-8" but they fail to explain how such "questions" establish
14 federal jurisdiction. *See* Notice of Removal, ECF No. 1, ¶ 12. The court finds that Defendants have
15 not established a basis for federal question jurisdiction.

16 **II. THE COURT LACKS DIVERSITY JURISDICTION**

17    Defendants' claim that they may remove based on diversity jurisdiction fares no better than their
18 federal question jurisdiction argument. Federal courts have original jurisdiction where the opposing
19 parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C.
20 § 1332(a). Where federal jurisdiction is premised solely on diversity, removal is not permitted
21 where a defendant is a citizen of the state in which the plaintiff originally brought the action (even if
22 the opposing parties are citizens of different states). *See* 28 U.S.C. § 1441(b).

23    First, the amount in controversy does not exceed $75,000. In unlawful detainer actions, the right
24 to possession of the property is contested, not title to the property, and plaintiffs may collect only
25 damages that are incident to that unlawful possession. *See Litton Loan Servicing, L.P. v. Villegas*,
26 No. C 10-05478 PJH, 2011 WL 204322, at *2 (N.D. Cal. Jan. 21, 2011) (quoting *Evans v. Superior*
27 *Ct.*, 67 Cal. App. 3d 162, 170 (1977)). U.S. Bank is requesting damages in the amount of $50 per
28 day, beginning on October 9, 2012. Compl., ECF No. 5 at 7. U.S. Bank's complaint also was filed

UNITED STATES DISTRICT COURT
For the Northern District of California

1  as a limited civil case not exceeding $10,000. *Id*. at 1; *see* Cal. Code Civ. Pro. § 86 (classifying
2  cases where the amount sought is less than $25,000 as limited civil cases). As demonstrated, the
3  amount of damages at issue in this case does not come close to reaching the $75,000 threshold.

4  Second, even assuming the threshold amount for diversity jurisdiction were satisfied, removal
5  was not proper because U.S. Bank filed suit in California, and Defendants are citizens of California.
6  *See* ECF No. 1, ¶¶ 5-6. As explained above, 28 U.S.C. § 1441(b) prohibits removal where a
7  defendant in the case is a citizen of the state in which the plaintiff originally brought the action.

## III. U.S. BANK'S REQUEST FOR ATTORNEY'S FEES

U.S. Bank also asks the court to award the attorney's fees it incurred in filing the motion to remand. *See* Motion at 11. Upon remanding a case, the district court may order a defendant to pay "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Awarding costs and fees on remand "reduces the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140-41 (2005). Accordingly, the court may award § 1447(c) fees if the removing party lacked an objectively reasonable basis for seeking removal. *Id.*

Here, the district court previously awarded U.S. Bank $481 in fees and costs for preparing and drafting its motion to remand. *See* First Remand Order at 6. The court stated the following:

> The Court finds it obvious that a reasonable attorney would have seen no reasonable basis for removing this case. The state court had already entered judgment before defendants removed; the thirty-day removal period, beginning from the time when Defendants received the initial pleading, had long passed; and as stated above, the Court very obviously lacks jurisdiction over this matter. The Court finds it clear that Defendants' decision to remove this case was meant to delay the enforcement of the Writ of Possession. This is exactly the kind of behavior that the removal and remand statute's fees and costs provision is meant to deter.

First Remand Order at 5. While Defendants now are appearing *pro se*, on this record the court reaches the same result. This is the second time after judgment that Defendants have used the removal statute to delay the state court proceedings. The First Remand Order and $481 fee award put them on notice that the grounds for removal must appear on the face of the well-pleaded complaint and that the amount in controversy is insufficient to invoke diversity jurisdiction. *See id.* at 3-5. Accordingly, the court recommends the district court award U.S. Bank its fees and costs.

The undersigned has reviewed the Declaration of U.S. Bank's counsel Gwen Ribar in support of

C 13-04736 LB
Order; Report and Recommendation                          8

U.S. Bank's motion for fees and costs. *See* Ribar Decl., ECF No. 7 at 14. Ms. Ribar states:

> In connection to this Motion and Plaintiff's request for attorneys' fees and costs, our office spent a total of 4 hours preparing and drafting this Motion, at an hourly billing rate of $205.00, for a total of $820.00. I also anticipate an additional 2 hours to review any opposition and draft a reply to such opposition, and another 5 hours to attend any hearing or oral arguments. As such, the total anticipated fees will be $2,255.00.

*Id.* Although Ms. Ribar does not identify who in her office prepared and drafted the motion, $205 is a reasonable rate for the work product prepared and four hours is a reasonable amount of time. Because Defendants did not oppose the motion to remand, and the court decides the matter without oral argument, there is no reason to award the seven hours additional amounts requested. Accordingly, the undersigned recommends the district court award U.S. Bank $820.

## IV. U.S. BANK'S REQUEST FOR SANCTIONS

U.S. Bank also moves for Rule 11 sanctions against Linda Z. Voss, Defendants' former attorney, for abuse of process. Motion at 12. U.S. Bank argues that Ms. Voss has a history of filing frivolous removals in unlawful detainer cases in order to postpone enforcement of judgments against her clients. *Id.* U.S. Bank points out that on May 17, 2013, the Northern District of California Bankruptcy Court suspended Ms. Voss from practice in that court for 30 months, fined her $50,000 ($40,000 of which may be waived), and imposed substantial fines and conditions on her eventual reinstatement. *Id.*, Ex. 7. In a scathing order, that court recounted Ms. Voss's numerous ethical violations (many she admitted), which included filing frivolous bankruptcy petitions in circumstances similar to those in this case. *See id.* Ex. 7, ECF No. 7 at 48-63. Based on the Bankruptcy Court's order, the State Bar of California filed a Notice of Disciplinary Charges against Ms. Voss. *Id.* U.S. Bank also points out that Ms. Voss remains attorney of record in the state court action and that she filed the Notice of Stay of Proceedings in state court. *Id.* Ex. 10 ECF No. 7 at 80 (Notice of Stay of Proceedings, signed by Ms. Voss on September 23, 2013, and filed October 22, 2013).

Based on this record, the court cannot conclude that Ms. Voss filed any documents in this court or represents Defendants in their federal action. It is possible that Ms. Voss filed the Notice of Stay in the Superior Court after her clients removed against her advice and without her assistance. On this record, the court is reluctant to conclude that there is a basis for Rule 11 sanctions against Ms.

Voss, and the court thus recommends the district court deny U.S. Bank's motion for Rule 11 sanctions.

## V. A PRE-FILING ORDER IS NOT APPROPRIATE

Finally, given Defendants' repeated removals, U.S. Bank asks the court to enjoin Defendants (and Ms. Voss) from removing this matter in the future. Motion at 12-13. "[A] party is not entitled, under existing laws, to file a second [notice of removal] upon the same grounds, where, upon the first removal by the same party, the federal court declined to proceed and remanded the suit, because of his failure to [comply with the procedural requirements for removal]." *St. Paul & C. Ry. Co. v. McLean*, (1883) 108 U.S. 212, 217 (brackets added). The ban on successive removals, however, does not apply in circumstances where the moving party advances a different theory of removal based on newly discovered facts or a change in relevant law. *Kirkbride v. Continental Cas. Co.*, 933 F.2d 729 (9th Cir. 1991) (holding that a defendant who fails in an attempt to remove on the initial pleadings may file a removal petition when subsequent pleadings or events reveal a new and different ground for removal). But absent new and different grounds for removal based on newly discovered facts or law, a defendant who improperly removes a case after a federal court previously remanded it risks being sanctioned under Federal Rule of Civil Procedure 11. *See Benson v. SI Handling Systems, Inc.*, 188 F.3d 780, 783 (7th Cir. 1999) ("Multiple removals could encounter problems – could even lead to sanctions – if nothing of significance changes between the first and second tries.") (internal citation omitted).

U.S. Bank argues that "[a]n order prohibiting future removals is necessary to deter repetition in this case given Ms. Voss and her history of professional misconduct." Motion at 13. As discussed, U.S. Bank does not provide sufficient evidence for the court to conclude that Ms. Voss represents Defendants in this action. This appears to be the first time that Defendants have removed as *pro se* litigants. In addition, Defendants now advance different theories for removal than they did in the previous case. *Compare* Notice of Removal, ECF Nos. 1 & 5, *with*, Notice of Removal, ECF No. 1, *U.S. Bank v. Bilbaeno*, No. C 13-1748 SC. Under these circumstances, the undersigned disagrees that either an injunction or pre-filing order is necessary this time. Accordingly, the court recommends that the district court DENY U.S. Bank's request to enjoin Defendants from removing

again or issue a pre-filing order to that effect.

## CONCLUSION

For the reasons discussed, the court **ORDERS** the Clerk of the Court to reassign this action to a district judge and **RECOMMENDS** that the newly-assigned district court judge remand this action to San Mateo County Superior Court, award U.S. Bank $820 in attorney's fees, deny U.S. Bank's motion for Rule 11 sanctions against Linda Voss, and decline U.S. Bank's request for injunctive relief or a pre-filing order.

Any party may file objections to this report and recommendation with the district judge within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Civil L.R. 72-3. Failure to file an objection may waive the right to review of the issue in the district court.

**IT IS SO ORDERED.**

Dated: December 18, 2013

LAUREL BEELER
United States Magistrate Judge